UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                    ORDER

HECTOR VALENTINE,                        11-CR-626-1 (CS)

                    Defendant.
------------------------------------------------------x

Seibel, J.

        Before the Court is Defendant Hector Valentine's renewed motion for reduction of

sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 157),

and the Government's opposition thereto, (ECF No. 163).

        On August 10, 2012, Defendant was sentenced principally to 210 months' imprisonment.

(Doc. 54.)  That sentence was well below the advisory Sentencing Guidelines range of 262-328

months.  (Presentence Report ("PSR") ¶ 78.)  He has served approximately 134 months.

        The procedural history of this case is set forth in detail in the Government's opposition.

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing

a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that his sentence should be reduced because if were sentenced today he would not be a career offender under U.S.S.G. § 4B1.1. and that he should not have been the subject of a ten-year mandatory minimum because his indictment charged only 124 grams of crack.

The latter contention is easily addressed.  The overt acts that the Government chose to specify in Defendant's indictment describe transactions that add up to 124 grams of crack, but the indictment, (ECF No. 2), plainly charged a conspiracy involving at least 280 grams of crack.  Further, Defendant admitted in his plea agreement and at his plea that the offense involved at least 280 grams.  The claim that his offense did not fall under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and therefore carry a ten-year mandatory minimum, is frivolous.

I will assume that, because of technicalities attendant to the categorical approach to U.S.S.G. § 4B1.2, Defendant would not be a career offender if sentenced today.  *See, e.g., United States v. Swinton*, 495 F. Supp. 3d 197, 200 (W.D.N.Y. 2020).  I am dubious that that fact alone amounts to an extraordinary and compelling circumstance.  *See Speed v. United States*, No. 04-CR-336, 2021 WL 1085360, at *4 (S.D.N.Y. Mar. 22, 2021) ("nonretroactive intervening change in the law" may but does not necessarily constitute extraordinary and compelling reason to

reduce sentence).  After all, there are many defendants as to whom the same would be true as a result of the categorical approach, a method of analysis that "perverts the will of Congress, leads to inconsistent results, wastes judicial resources, and undermines confidence in the administration of justice."  *United States v. Scott*, 990 F.3d 94, 126 (2d Cir.) (concurring opinion), *cert. denied*, 142 S. Ct. 397 (2021).  And I do not believe it would be fair to consider it to be extraordinary and compelling in this case, where, as I have explained before, Defendant

> obtained substantial benefits from the plea agreement.  For example, the law at the time would have allowed the Government to seek a mandatory life sentence for the instant offense – Petitioner's fourth drug felony, his guilt of which he does not contest – but in exchange for the plea and the Guidelines stipulations in the agreement, the Government agreed not to do so, or even seek the mandatory twenty-year term it could have sought for a second drug felony.  It would not be fair for a defendant to obtain the benefits of a plea agreement, in part by voluntarily waiving his right to appeal or collaterally attack his sentence, and then seek to evade the waiver while retaining the benefits.  *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (*per curiam*); *see also Roldan v. United States*, No. 96-CV-959, 1997 WL 214964, at *3 (S.D.N.Y. Apr. 25, 1997) ("[T]he plea bargaining process would be rendered meaningless were [the Court] to permit [Petitioner] to retain the profits of his guilty plea while declining to give the government the benefit of its bargain.").

(ECF 94 at 5-6.)[1]  The Government has not argued waiver here, and I acknowledge that the l have wide discretion to consider intervening changes of law or fact in reducing sentences.  *See*

---

[1] Without the career offender enhancement, Defendant's sentencing range would have been 151-188 months.  He presents no argument as to why a change in the law would justify a sentence below that range.  I note that the Government argued that Defendant's range without the enhancement would have been 210-262 months.  (ECF No. 163 at 7.)  That is incorrect.  His range would have been 210-262 if he were entitled to a "minus two" adjustment, not if he were not a career offender.  (*See* ECF No. 65 at 1-2.)  This is not the first time the Government has provided incorrect information to the Court.  (*See* ECF No. 104 at 2 & n.1.)  I expect better from the Government.

*Concepcion v. United States*, 142 S.Ct. 2389, 2404 (2022).  I mention the benefits Defendant

obtained from the plea agreement merely to point out that even if he is correct that he would not

be a career offender if sentenced today, there is no fundamental unfairness in holding him to the

bargain he made.

In any event, even if there were extraordinary and compelling circumstances, I would still

have to consider the 3553(a) factors.  They continue to militate against reducing Defendant's

sentence only two-thirds of the way in, for reasons I have explained before.

> Defendant's offense involved between 280 and 840 grams of crack.
> He was on parole at the time he committed it. His co-conspirators
> apparently included his minor son. The instant conviction was
> Defendant's eighth, his sixth involving drugs, and his sixth felony.
> Two of his priors were for weapons possession. He was not an
> impulsive, immature youth at the time but a man of forty-four. To
> let Defendant out now would seriously defeat several of the purposes of
> sentencing. It would not sufficiently address the seriousness of the
> offense, which involved a large quantity of crack and the use of
> minors, and the history and characteristics of the Defendant, including his record of recidivism
> (including returning to crime after significant sentences) and disrespect of the law. It would not
> be just punishment and would introduce unwarranted sentencing disparities. Perhaps most
> importantly, it would not suffice to protect the public from further crimes – unfortunately a
> likelihood given Defendant's long rap sheet. There is, sad to say, no reason to believe that this
> time around, Defendant would be any more lawabiding than he has been in the past.

(ECF No. 104 at 4.)  In short, the § 3553(a) factors outweigh any extraordinary

and compelling circumstances.  Perhaps a few years down the road, with a showing of

impeccable behavior in prison, I might reconsider.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully

directed to terminate ECF No. 157 and to send a copy of this Order to Hector Valentine, No.

65531-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White

Deer, PA  17887.

Dated:  November 3, 2022
   White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.